UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| **RUSSELL LANE HERRIN** | **CASE NO. 07-50291 ERG** |
| Debtor | **CHAPTER 7** |

| | |
|---|---|
| **ELAINE A. HODNETT AND** | |
| **ALVIS Q. HODNETT** | |
| **Plaintiffs** | |
| V. | **ADV. PRO. NO. 07-05021 ERG** |
| **RUSSELL LANE HERRIN** | |
| **Defendant** | |

## OPINION

Before the court is the Motion to Dismiss, or in the Alternative for Summary Judgment (Dkt. #37) filed by the Defendant, Russell Lane Herrin, as well as the opposition thereto filed by the Plaintiffs. Having considered the pleadings, memoranda and supporting documentation filed by the parties, and having heard arguments from counsel on the matter, the court concludes that the Motion to Dismiss should be granted.

### I. FACTUAL BACKGROUND

On March 8, 2007, a petition for relief under Chapter 7 of Title 11 of the United States Code was filed by Russell Lane Herrin ("Herrin") in the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division.

An adversary complaint was filed against Herrin on June 4, 2007, by Elaine A. Hodnett and Alvis Q. Hodnett objecting to dischargeability pursuant to 11 U.S.C. § 523(a)(6), in which the plaintiffs alleged that Elaine Hodnett sustained a gunshot wound to her right leg while

tending her flower garden as a result of the Defendant-Debtor's "willful shooting". The plaintiffs claim that the Defendant-Debtor's alleged deliberate and intentional act constitutes a willful and malicious injury under § 523(a)(6) and that discharge of the debt should be denied.

Based on documentation provided by the parties, Herrin did test fire an SKS rifle on the afternoon of the shooting on his property, which was approximately 2500 feet from the Hodnett residence. Trees and undergrowth prevented him from being able to see from his property to the other. Herrin and the Hodnetts did not know one another. The matter was investigated by the Pearl River County Sheriff's Department. No criminal charges were brought against Herrin as a result of the matter.

The Defendant-Debtor, Herrin, filed a Motion to Dismiss, or in the Alternative for Summary Judgment requesting dismissal pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief can be granted. The motion requests summary judgment, in the alternative, pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, claiming that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Briefs were submitted by the parties and arguments were heard by the court.

## II.  CONCLUSIONS OF LAW

The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157. The court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and § 157.

Section 523(a)(6) provides that an individual debtor may not be discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another

entity." 11 U.S.C. § 523(a)(6).

As to the legal standards applicable for excepting a debt from discharge pursuant to 11 U.S.C. § 523(a)(6), the court finds that the Defendant's brief sets forth succinctly the applicable law and hereby adopts the rationale and analysis set forth therein.[1] The court concludes that the complaint does not meet the requirement of alleging there was an actual intent on the part of Herrin to injure the plaintiff, Elaine Hodnett, and that the Defendant is entitled to judgment on the pleadings for failure to state a legally sufficient cause of action pursuant to Fed. R. Civ. P. 12(b)(6). The Motion to Dismiss filed by the Defendant should be granted.

The court further concludes that even if the court did not find the complaint insufficient, the Defendant would be entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56, in that if the facts are taken in the light most favorable to the Plaintiff, the evidence is insufficient to show that any injury to Elaine Hodnett was intentionally inflicted by Herrin.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

[1] *See, Kawaauhau v. Geiger,* 523 U.S. 57, 118 S. 974, 140 L. Ed. 2d 90 (1998); *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F. 3d 598 (5th Cir. 1998); *Wilkes v. Mitchell (In re Mitchell),* Adv. No. 05-01133 NPO (Slip op. Bankr. S.D. Miss. 2006).

**ATTORNEY FOR DEBTOR-DEFENDANT:**
William P. Wessler
P.O. Box 175
Gulfport, Mississippi 39502



**ATTORNEYS FOR PLAINTIFFS:**
Samuel S. McHard
G. Austin Stewart
McHard & Associates
32 Milbranch Road, Ste. 50
Hattiesburg, Mississippi   39402

Glenn L. White
P.O. Box 672
Petal, Mississippi 39465